UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CT-3103-FL

| | |
|---|---|
| ROY ASKEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CYNTHIA BOSTIC AND FAY )<br>LASSITER, )<br>)<br>Defendants. ) | **ANSWER OF<br>DEFENDANT LASSITER** |

**NOW COMES** Defendant Fay Lassiter through counsel, North Carolina Attorney General Roy Cooper, and Assistant Attorney General Yvonne B. Ricci, answering the Complaint [D.E. 1] of the Plaintiff and averring:

**FIRST DEFENSE-ANSWER**

I.  PREVIOUS LAWSUITS

Plaintiff makes no allegations of previous lawsuits, and therefore no response is required.

II.  PREVIOUS *IN FORMA PAUPERIS* LAWSUITS

Plaintiff makes no allegations of previous lawsuits, and therefore no response is required.

III.  EXHAUSTION OF INMATE ADMINISTRATIVE REMEDIES

A.  It is admitted that Plaintiff was required to exhaust his administrative remedies with the North Carolina Department of Public Safety ("NCDPS") in accordance with the Division of Prisons, Administrative Remedy Procedure ("ARP") policy, Subchapter G, § .0300 *et. seq*.

B.  It is admitted that Plaintiff submitted Grievance number 4180-13-328, dated 6 December 2013, while confined at Hyde Correctional Institution ("Hyde CI") complaining about wanting access to and copies of all records of independent reviews of disapproved mail from the

publisher MIM (Prisons)/MIM Distributors attached to Plaintiff's Complaint [D.E. 1-1]. It is admitted further that Plaintiff appealed this grievance through all levels of administrative review, and this document is the best evidence of its contents and speaks for itself. Except as specifically admitted herein, the factual averments of this paragraph are denied.

V.  PARTIES

A. It is admitted upon information and belief, that Plaintiff, Offender Number 0987122, was an inmate in the custody of the NCDPS, Division of Adult Correction and Juvenile Justice, serving a sentence term of seven years eleven months for robbery with a dangerous weapon. It is further admitted upon information and belief, that at all relevant times Plaintiff was housed at Hyde CI, and that Plaintiff was released on post release probation/parole on or about September 4, 2015. Except as admitted, Part IV, A is denied.

B. It is admitted that at all relevant times herein Defendant Bostic was employed as the NCDPS, Division of Adult Correction and Juvenile Justice Assistant Director of Auxiliary Services. Except as admitted, Part III, B is denied.

C. It is admitted that at all relevant times herein Defendant Lassiter was employed as the NCDPS, Division of Adult Correction and Juvenile Justice Assistant Chief Program Services, Rehabilitative Programs & Services. It is further admitted that Defendant Lassiter retired from her employment with NCDPS. Except as admitted, Part III, C is denied.

IV.  STATEMENT OF CLAIM

Defendant Lassiter responds to Plaintiff's unnumbered factual averments in his Complaint [D.E. 1] that are directed at her as follows.

Case 5:15-ct-03103-FL   Document 26   Filed 06/23/16   Page 2 of 8

1. It is admitted upon information and belief that the response by Defendant Bostic to MIM Distributors was a response to their request for an independent review. It is further admitted that MIM Distributors' request to receive a copy of the Master List of Disapproved Publications was responded to in the context of their request for an independent review and not as a request for a public record under the North Carolina Public Record Act. It is further admitted that neither Defendant Bostic's office nor my office when I was employed with NCDPS is the authorized handler or distributor of public records for NCDPS.

2. It is admitted upon information and belief that Defendant Lassiter did not personally disapprove any publication on 30 July 2014. It is further admitted upon information and belief that any communication made by Defendant Lassiter on 30 July 2014 regarding publications would have been communications regarding the action of the Publication Review Committee. It is admitted further that the Publication Review Committee does not act on any publications unless an inmate appeals a disapproval of a publication for his or her receipt by the facility to the Committee. Therefore, the Publication Review Committee does not make the decision to allow an inmate to receive a publication that has been received for the inmate at his or her facility. However, the Publication Review Committee does act to uphold or not uphold a decision by a facility head to disapprove a publication for receipt by an inmate. It is further admitted that the sole purpose of the Publication Review Committee, as an appeal body, is to ensure procedures that are outlined in the Prisons Publications Received/Possessed by Inmates have been followed in disapproving a publication. It is further admitted that the purpose of the Publication Review Committee is to ensure actions by a prison facility head to disapprove the receipt of a publication by an inmate is reasonable and/or is congruent with the reason as stated in the policy to disapprove a publication. It is further

admitted that Defendant Lassiter's role during the relevant time frame as the Administrator of the Program was to manage the Committee process and to communicate the action of the Committee. It is further admitted that as it relates to the allegations made the Plaintiff in the present case Defendant Lassiter did not initiate nor encourage the disapproval of publications. It is further admitted that facility heads make the decision to approve or disapprove publications received by inmates.

3. It is admitted upon information and belief that any reasons provided to an inmate by the Publication Review Committee as an explanation as to why the Committee upheld or did not uphold a disapproval by the facility of a publication is consistently stated in terms of the policy and the specific reason code in the policy that the content in the publication violates or does not violate. It is admitted further that all communications made about an appealed disapproved publication would have been adequate.

4. It is admitted upon information and belief that not all disapproved issues of the publication Under Lock and Key are disapproved nor that the disapproval is upheld. It is further admitted that publications are returned to the facility once the Committee process is complete. Publications that are approved for receipt by inmates by the Committee are returned immediately to the facility with instructions from the Committee that the publication is to be given to the inmate. It is further admitted that the facility heads and the Publication Review Committee have a procedure in place to provide inmates approved publications.

5. It is specifically denied that Defendant Lassiter violated any of Plaintiff's constitutional rights.

4

6. Defendant Lassiter lacks sufficient knowledge and information to either admit or deny the remaining allegations contained in Plaintiff's Complaint [D.E. 1] that are directed at her, and therefore denies them. Legal conclusions contained in Plaintiff's Complaint [D.E. 1] that are directed at Defendant Lassiter are neither admitted nor denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT [D.E. 1], INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED.**

As to the Complaint [D.E. 1] Defendant Lassiter avers the following affirmative defenses:

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff has failed to allege facts to support a finding that his constitutional rights were violated. Plaintiff's Complaint, construed in the light most favorable to him, as a matter of law, does not allege a violation of the First nor Fourteenth Amendment.

**THIRD DEFENSE**

The Complaint fails to provide a short and plain statement of Plaintiff's claims showing that he is entitled to relief against Defendant Lassiter as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

**FOURTH DEFENSE**

To the extent this Court determines that Defendant Lassiter is sued in her official capacity, Defendant Lassiter is shielded by Eleventh Amendment and sovereign immunity and has not waived such immunities or otherwise consented to suit.

## FIFTH DEFENSE

Qualified immunity shields Defendant Lassiter in her individual capacity from Plaintiff's claims against her for monetary damages as Defendant Lassiter did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known.

## SIXTH DEFENSE

The Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent required to support a claim for punitive damages.

## SEVENTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendant Lassiter as a state employee, while acting within the scope of her employment with NCDPS.

## EIGHTH DEFENSE

Defendant Lassiter is a public official and any negligence claims against her in her individual capacity within the scope of her employment is barred by the doctrine of public official immunity.

**WHEREFORE**, Defendant Lassiter prays as follows:

1. That Plaintiff's claim be dismissed;

2. That Plaintiff recover no monetary damages from Defendant Lassiter;

3. That Plaintiff recover no equitable relief;

4. For a trial by jury on all issues so triable;

5. That costs of this action, including reasonable attorney's fee, be taxed to Plaintiff; and

6. That the Court grant Defendant Lassiter such additional and further relief as it deems appropriate.

Respectfully submitted, this the 23rd day of June, 2016.

>ROY COOPER
>**Attorney General**
>
>/s/ Yvonne B. Ricci
>Yvonne B. Ricci
>Assistant Attorney General
>Attorney for Defendants
>N.C. State Bar No. 21641
>N.C. Department of Justice
>Post Office Box 629
>Raleigh, North Carolina  27602-0629
>Telephone:  (919) 716-6500
>Fax:  (919) 716-6761
>E-mail:  yricci@ncdoj.gov
>Local Rule 83.1 Counsel

7

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the **ANSWER OF DEFENDANT LASSITER** with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have on this day mailed said document to the following non-CM/ECF participant:

>Roy Askey, *Pro Se*
>9908 Erinsbrook Drive
>Raleigh, NC  27617

This the 23rd day of June, 2016.

>/s/ Yvonne B. Ricci
>Yvonne B. Ricci
>Assistant Attorney General